[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 649.]

THE STATE OF OHIO, APPELLEE, *v*. MOORE, APPELLANT.

[Cite as *State v. Moore*, 2001-Ohio-1892.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 01-768—Submitted September 18, 2001—Decided December 19, 2001.)

APPEAL from the Court of Appeals for Hamilton County, No. C-950009.

_____

*Per Curiam.*

{¶ 1} Appellant, Lee E. Moore, Jr., was convicted of the aggravated murder of Melvin Olinger and sentenced to death. The court of appeals affirmed his conviction and sentence. *State v. Moore* (Jun. 26, 1996), Hamilton App. No. C-950009, unreported, 1996 WL 348193. We also affirmed Moore's conviction and death sentence. *State v. Moore* (1998), 81 Ohio St.3d 22, 689 N.E.2d 1.

{¶ 2} Subsequently, the court of appeals affirmed the trial court's decision to deny Moore's petition for postconviction relief. *State v. Moore* (Sept. 18, 1998), Hamilton App. No. C-970353, unreported, 1998 WL 638353. We refused to accept Moore's appeal of that decision. *State v. Moore* (1999), 84 Ohio St.3d 1472, 704 N.E.2d 579.

{¶ 3} On September 7, 2000, Moore filed an application with the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel before the court of appeals in his first appeal. Under App.R.

26(B)(5), "An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The court of appeals denied Moore's application to reopen his appeal because Moore had not shown good cause for filing the application more than ninety days after journalization of the appellate judgment as required by App.R. 26(B)(1). The cause is now before this court upon an appeal as of right.

{¶ 4} Moore raises six issues in this appeal. In his fourth proposition, Moore argues that the judges of the court of appeals erred by denying his request that they recuse themselves from ruling on his App.R. 26(B) application. Under R.C. 2501.13, when a party believes that a judge of the court of appeals is biased, the proper avenue for redress is filing an affidavit of disqualification with this court. See Section 5(C), Article IV, Ohio Constitution; see, also, *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441, 8 O.O.3d 438, 439, 377 N.E.2d 775, 776. Moore did not file such an affidavit, and therefore is foreclosed from bringing such a complaint.

{¶ 5} In his fifth proposition, Moore argues that the court of appeals erred when it implicitly denied his requests for an evidentiary hearing, permission to depose defense and appellate counsel, and funds to retain an expert witness regarding ineffectiveness of counsel. However, a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material. Thus, Moore's request lacks merit.

{¶ 6} In his fifth proposition, Moore also claims that the court of appeals erred by implicitly denying his request for the appointment of counsel to represent him for the App.R. 26(B) proceedings. This issue is moot, since counsel

represented Moore before the court of appeals on his application to reopen under App.R. 26(B).

{¶ 7} In his sixth proposition, Moore asserts that he had "good cause" for the late filing of his application for reconsideration under App.R. 26(B). However, our analysis of the merits of Moore's remaining propositions causes us to conclude otherwise.

{¶ 8} Moore's first, second, and third propositions argue the merits of issues that he claims his former appellate lawyers should have raised. This court has held that the two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, is the appropriate standard to assess whether an applicant has raised a genuine issue as to the ineffectiveness of appellate counsel in an application for reopening pursuant to App.R. 26(B)(5). *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697.

{¶ 9} "To show ineffective assistance, [Moore] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, 771, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Moore "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697.

{¶ 10} We have reviewed Moore's assertions of deficient performance by appellate counsel and find that Moore has failed to raise "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the application to reopen can be granted, as required under App.R. 26(B)(5). Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur in judgment only.

_____

**COOK, J., concurring in judgment only.**

{¶ 11} Today's majority reaches the merits of Moore's App.R. 26(B) allegations and concludes both (1) that Moore has failed to demonstrate "good cause" for failing to file his application for reopening within the ninety-day period contemplated by App.R. 26(B)(1), and (2) that Moore's ineffectiveness claims are wanting.[1] Despite the fact that the majority reaches the correct disposition in this case, I cannot join the majority's erroneous reasoning.

{¶ 12} First, the majority's discussion of Moore's failure to demonstrate "good cause" under App.R. 26(B)(1) hinges on faulty analysis. The majority's determination that Moore has failed to present a *genuine issue* does not logically lead to the conclusion that he lacks *good cause* for filing beyond the App.R. 26(B)(1) ninety-day period.

{¶ 13} App.R. 26(B)(1) provides that a defendant must demonstrate *good cause* for filing an application for reopening beyond the ninety-day time period. The majority notes this requirement but then goes on to state that its analysis of the merits of Moore's ineffective assistance claims leads to the conclusion that Moore has failed to demonstrate the requisite good cause. Whether a court should grant an App.R. 26(B) application for reopening, however, turns on whether "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The "genuine issue" standard applies to

---

1. In resolving the case in such a manner, this court once again bypasses *White v. Schotten* (C.A.6, 2000), 201 F.3d 743 (holding in federal habeas corpus case that App.R. 26[B] is part of the direct appeal process). Because the court of appeals addressed that case below and because Moore has raised the case on appeal to this court, the majority should have taken advantage of this opportunity to clarify our understanding of the premise set forth in *White*.

all App.R. 26(B) applications, both timely filed and untimely filed. Thus, an applicant can have *good cause* for not *filing* his or her application within the ninety-day period, but a court may still deny that application on the basis that there is no *genuine issue* as to whether there has been *ineffective assistance*. Conversely, another applicant may file an application that *does* present a genuine issue as to counsel's effectiveness, but that applicant may lack good cause for filing beyond the ninety-day period. In either case, the attempt at reopening would fail, but for wholly distinct reasons. By treating separate analytical inquiries as the same, the majority has improperly substituted the test for evaluating the merits of an application for reopening in place of the test for whether a party has properly filed an App.R. 26(B) application beyond the ninety-day period.

{¶ 14} Second, the majority's evaluation of the merits of Moore's ineffectiveness claims is unnecessary. This court should not even reach the merits of Moore's allegations. As the court of appeals correctly reasoned, consideration of Moore's arguments is precluded by the doctrine of *res judicata*. This doctrine operates to bar further litigation of issues that a party previously raised or could have previously raised in an appeal. *State v. Houston* (1995), 73 Ohio St.3d 346, 347, 652 N.E.2d 1018, 1019. We previously considered Moore's appeal as of right in his direct appeal from the 1996 judgment of the First District Court of Appeals. See *State v. Moore* (1998), 81 Ohio St.3d 22, 689 N.E.2d 1. The appellate counsel representing Moore before this court at that time differed from the appellate counsel who represented Moore before the court of appeals. See *id*. at 24, 689 N.E.2d at 7; *State v. Moore* (June 26, 1996), Hamilton App. No. C-950009, unreported, 1996 WL 348193. Because Moore raises claims of ineffective assistance in his App.R. 26(B) application for reopening that he either brought or could have brought in his prior appeal to this court, *res judicata* dictates that he may not assert those claims now. And because Moore's claims of ineffective assistance necessarily fail, the

question of whether he has demonstrated good cause for filing his App.R. 26(B) application for reopening is moot.

For the foregoing reasons, I concur in judgment only.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

————————————

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*Lori Leon,* for appellant.

————————————