Per Curiam.

Appellant, Lee E. Moore, Jr., was convicted of the aggravated murder of Melvin Olinger and sentenced to death. The court of appeals affirmed his conviction and sentence. State v. Moore (Jun. 26, 1996), Hamilton App. No. C-950009, unreported, 1996 WL 348193. We also affirmed Moore’s conviction and death sentence. State v. Moore (1998), 81 Ohio St.3d 22, 689 N.E.2d 1.
Subsequently, the court of appeals affirmed the trial court’s decision to deny Moore’s petition for postconviction relief. State v. Moore (Sept. 18, 1998), Hamilton App. No. C-970353, unreported, 1998 WL 638353. We refused to accept Moore’s appeal of that decision. State v. Moore (1999), 84 Ohio St.3d 1472, 704 N.E.2d 579.
On September 7, 2000, Moore filed an application with the court of appeals to reopen his direct appeal pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of his appellate counsel before the court of appeals in his first appeal. Under App.R. 26(B)(5), “An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.” The court of appeals denied Moore’s application to reopen his appeal because Moore had not shown good cause for filing the application more than *650 ninety days after journalization of the appellate judgment as required by App.R. 26(B)(1). The cause is now before this court upon an appeal as of right.
Moore raises six issues in this appeal. In his fourth proposition, Moore argues that the judges of the court of appeals erred by denying his request that they recuse themselves from ruling on his App.R. 26(B) application. Under R.C. 2501.13, when a party believes that a judge of the court of appeals is biased, the proper avenue for redress is filing an affidavit of disqualification with this court. See Section 5(C), Article IV, Ohio Constitution; see, also, Beer v. Griffith (1978), 54 Ohio St.2d 440, 441, 8 O.O.3d 438, 439, 377 N.E.2d 775, 776. Moore did not file such an affidavit, and therefore is foreclosed from bringing such a complaint.
In his fifth proposition, Moore argues that the court of appeals erred when it implicitly denied his requests for an evidentiary hearing, permission to depose defense and appellate counsel, and funds to retain an expert witness regarding ineffectiveness of counsel. However, a reviewing court cannot add matter to the record that was not part of the trial court’s proceedings and then decide the appeal on the basis of the new matter. See State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material. Thus, Moore’s request lacks merit.
In his fifth proposition, Moore also claims that the court of appeals erred by implicitly denying his request for the appointment of counsel to represent him for the App.R. 26(B) proceedings. This issue is moot, since counsel represented Moore before the court of appeals on his application to reopen under App.R. 26(B).
In his sixth proposition, Moore asserts that he had “good cause” for the late filing of his application for reconsideration under App.R. 26(B). However, our analysis of the merits of Moore’s remaining propositions causes us to conclude otherwise.
Moore’s first, second, and third propositions argue the merits of issues that he claims his former appellate lawyers should have raised. This court has held that the two-pronged analysis found in Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693, is the appropriate standard to assess whether an applicant has raised a genuine issue as to the ineffectiveness of appellate counsel in an application for reopening pursuant to App.R. 26(B)(5). State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458; State v. Spivey (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697.
“To show ineffective assistance, [Moore] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.” *651 State v. Sheppard (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770, 771, citing State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, Moore “bears the burden of establishing that there was a ‘genuine issue’ as to whether he has a ‘colorable claim’ of ineffective assistance of counsel on appeal.” State v. Spivey, 84 Ohio St.3d at 25, 701 N.E.2d at 697.
We have reviewed Moore’s assertions of deficient performance by appellate counsel and find that Moore has failed to raise “a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal” before the application to reopen can be granted, as required under App.R. 26(B)(5). Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Cook and Lundberg Stratton, JJ., concur in judgment only.