DECISION
On May 15, 2000, appellant, Shawn Collins, was convicted of aggravated murder, attempted aggravated murder, and having a weapon while under disability. The trial court sentenced him to life in prison with no possibility of parole. On April 10, 2001, this court affirmed the judgment of the trial court. State v. Collins (Apr. 10, 2001), Franklin App. No. 00AP-650, unreported, appeal dismissed (2001), 93 Ohio St.3d 1410.
On July 6, 2001, appellant filed a "Motion for Leave to Proceed In Forma Pauperis," a "Motion to Appoint Counsel," and a timely "Application to Reopen Direct Appeal." For the reasons that follow, we deny the motion to appoint counsel, we deny the application to reopen, and we find the motion to proceed in forma pauperis to be moot.
Appellant has specifically referenced White v. Schotten (C.A.6, 2000),201 F.3d 743, certiorari denied (2000), 121 S.Ct. 332, in support of his right to appointed counsel, but it is not clear from appellant's motion whether appellant seeks appointed counsel to represent him in the event his application is granted or whether he is requesting appointed counsel and the opportunity to rebrief his application with the assistance of counsel. By rule, if the court grants the application and the applicant is indigent and not currently represented, counsel shall be appointed. App.R. 26(B)(6)(a). It appears then that appellant is requesting appointed counsel to represent him in the initial filing of his App.R. 26(B) application and, thus, we address the issue of whether appellant is entitled to appointed counsel at the initial stage of filing his application to reopen his direct appeal.
In White, the Sixth Circuit Court of Appeals held in a federal habeas corpus case that App.R. 26(B) is part of the direct appeal process and, as such, Ohio criminal defendants have a federal constitutional right to effective assistance of counsel during that stage of proceedings. Id. at 753. The Ohio Supreme Court has not spoken directly to the issue (see State v. Moore [2001], 93 Ohio St.3d 649 [Cook, J., concurring in judgment only, at fn. 1]) but various courts of appeal in Ohio have distinguished or declined to follow the rule of White, holding that a criminal defendant does not have a constitutional right to the appointment of counsel to assist with the filing of an App.R. 26(B) application for delayed reopening. See, e.g., State v. Darrington (Oct. 27, 2000), Cuyahoga App. No. 65588, unreported; State v. Moore (Mar. 20, 2001), Hamilton App. No. C-950009, unreported.
We are inclined to agree with the courts that have held there is no right to counsel in an App.R. 26(B) application to reopen because the application is in the nature of postconviction relief rather than a continuation of the direct appeal process. Although, as stated previously, the Supreme Court of Ohio has not addressed the issue directly, S.Ct.Prac.R. II, Section 2(A)(4)(b) appears to have recognized this implicitly, as it states: "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60, and App.R. 26(B)." Thus, as the Hamilton County Court of Appeals noted in State v. Moore (2001),93 Ohio St.3d 649, the Ohio Supreme Court has acknowledged by its practice rule that a proceeding may be in the nature of a postconviction matter, even though it may not have been brought under R.C. 2953.21. Accordingly, appellant's motion for appointment of counsel is denied.
With respect to the merits of appellant's ineffectiveness claims, the two-pronged analysis found in Strickland v. Washington (1984),466 U.S. 668, 687, is the appropriate standard to assess whether an applicant has raised a genuine issue as to the ineffectiveness of appellate counsel in an application for reopening pursuant to App.R. 26(B). Moore, supra. To show ineffective assistance, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there is a reasonable probability of success had he presented those claims on appeal. Id. In addition, appellant has the burden of establishing that there is a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Id.
Here, appellant essentially raises two arguments. Appellant claims his appellate counsel failed to argue ineffectiveness of trial counsel, and failed to raise prosecutorial misconduct. Appellant contends that one mark of the ineffective assistance of trial counsel was his trial counsel's failure to file a motion in limine or to object to testimony that appellant was affiliated with a gang. This argument has been addressed in appellant's direct appeal and was rejected.
Appellant also claims that trial counsel failed to call an exculpatory eyewitness to the crime, and failed to call alibi witnesses whose testimony would have exonerated appellant. This argument raises matters outside the record that are not the proper subject of this application. Without going outside the record, we cannot make a determination concerning appellant's arguments concerning counsel's alleged failure to call certain witnesses.
Finally, appellant argues the prosecution knowingly permitted the presentation of false testimony by failing to disclose that a witness had been promised immunity for an unrelated criminal matter in exchange for his testimony at trial. Again, this argument raises matters that are outside the record. Appellate counsel cannot be considered ineffective for failing to raise a matter that would not be properly before the court on direct appeal. Appellant also argues the prosecution engaged in misconduct when, during closing argument, the state improperly bolstered the credibility of its chief witness by vouching that the witness was being truthful.
The test used to determine the existence of prosecutorial misconduct is whether the challenged conduct or comments of counsel are improper and, if so, whether they prejudicially affect substantial rights of the defendant. State v. Smith (2000), 87 Ohio St.3d 424, 442. "The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209, 219. As such, misconduct is not grounds for reversal unless it is shown that the defendant has been denied a fair trial. State v. Maurer (1984),15 Ohio St.3d 239, 266. It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Thayer (1931), 124 Ohio St. 1.
Here, the statement appellant claims was improper was actually made in opening statement before any witness testified. The purpose of an opening statement is to acquaint the jury with the general nature of the case and to outline the facts which counsel expects the evidence to show. Maggio v. Cleveland (1949), 151 Ohio St. 136, 140. Taken in the context of the state's opening statement, it is apparent that the prosecutor was not referring to the alleged truthfulness of any testimony of the witness, but, rather, the fact that the witness admitted having a gun on the night of the shootings even though the witness was a convicted felon and was not allowed to possess a firearm. The prosecutor then stated: "He told us in the beginning everything, the truth." (Tr. 71.) After reviewing the prosecutorial comment of which appellant complains, we find that the prosecutor's statement during opening was intended to enhance the witness's credibility; however, we cannot conclude that this statement created a manifest miscarriage of justice so as to require reversal. Therefore, appellant has failed to show that appellate counsel was ineffective for failing to raise the issue on appeal.
Based on the foregoing, we deny appellant's application to reopen his appeal based on ineffective assistance of appellate counsel. In light of our disposition of the application, appellant's motion to proceed in forma pauperis is denied as moot.
Motions denied.
TYACK, P.J., and BRYANT, J., concur.