This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Appellant Ben Goeller appeals from the order of the Lorain County Court of Common Pleas, Juvenile Division, which denied his motion for relief from judgment and motion to dismiss alleging the unconstitutional application of R.C. 3111.04(A) to permit a complaint for paternity though the child was born of an intact marriage. This Court affirms.
 I.
This case arises on appeal to this Court for a second time. See Lorencev. Goeller (July 19, 2000), Lorain App. No. 98CA007193, unreported ("Lorence I").
Ben and Rondi Goeller were married when on June 14, 1993, Rondi gave birth to Bryan Goeller. Approximately four months later, Rondi died after suffering a stroke.
One and a half years later, on February 14, 1995, Richard Lorence commenced a parentage action alleging that he was the biological father of Bryan. Subsequent court ordered DNA testing revealed that Lorence was the likely biological father of Bryan.
On May 7, 1997, the parties appeared in juvenile court and reached a shared parenting agreement that purported to resolve outstanding custody and child support issues for Bryan. The agreement was drafted in court, reviewed by the parties, and was signed by the parties in open court. The agreement was adopted by the juvenile court and journalized as a shared parenting order the same day.
On December 12, 1997, Goeller moved for relief from judgment under Civ.R. 60(B). Goeller argued that the oral agreement of the parties was that Bryan was to spend three out of four monthly weekends with Lorence, not four out of four weekends as reflected in the shared parenting order. Goeller argues that he failed to notice this deviation from the oral agreement, and that his lapse was the product of excusable neglect.
Without a hearing, the juvenile court issued two orders on July 23, 1998. The juvenile court denied the motion for relief from judgment, and separately ordered Goeller to pay Lorence $293 per month child support and ordered Goeller to maintain health insurance for Bryan.
The case proceeded to this Court, and we reversed and remanded the case because the purported shared parenting agreement entered into by Goeller and Lorence was void ab initio. Lorence I, supra. Goeller was restored as the sole custodial parent of Bryan. Id.
On January 12, 2001, Goeller filed a motion to dismiss Lorence's complaint to establish paternity. Lorence filed a memorandum in opposition. On February 20, 2001, Goeller filed a motion to vacate the judgment entry of February 27, 1996, the order that established Lorence as the biological father of Bryan pursuant to the DNA testing. Specifically, Goeller challenged the constitutionality of Ohio's paternity statute, R.C. 3111.04. The trial court denied Goeller's motion. Goeller has timely appealed, asserting three assignments of error, which will be rearranged for ease of discussion.
 II. THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IN DENIED APPELLANT/CROSS APPELLEE'S MOTION FOR RECUSAL.
Motions for recusal are properly directed to the Chief Justice of the Ohio Supreme Court. See Section 5(C), Article IV, Ohio Constitution; R.C. 2501.13; State v. Moore (2001), 93 Ohio St.3d 649, 650. In the instant case, Goeller filed his motion in the Lorain County Court of Common Pleas, Juvenile Division. Because Goeller failed to follow the constitutionality and statutorily prescribed mechanism for seeking the recusal of a judge, Goeller's third assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT/CROSS APPELLEE'S MOTION TO DISMISS COMPLAINT ON THE GROUNDS THAT R.C. 3111.04 IS CONSTITUTIONAL AS IT APPLIES TO THIS CASE.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT/CROSS APPELLEE'S MOTION TO VACATE ON THE GROUNDS THAT R.C. 3111.04 IS CONSTITUTIONAL AS IT APPLIES TO THIS CASE.
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
In his first and second assignments of error, Goeller claims that Ohio's parentage statute R.C. 3111.04 is unconstitutional as applied to him. However, this Court need not reach the merits of his claim.
The case moved at a ponderous pace below. Lorence filed his parentage action on February 14, 1995, pursuant to R.C. 3111.04. All parties submitted to DNA testing. On February 27, 1996, the juvenile court issued an order that established Lorence as the biological father of the minor child Bryan. At that time, Goeller made no objection to the order below, nor did he seek a direct appeal challenging the constitutionality of Ohio's parentage law. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Rose (July 5, 2001), Medina App. No. 3133-M, unreported, citing State v. Awan (1986),22 Ohio St.3d 120, syllabus.
This Court construes Goeller's failure to challenge the order issued on February 27, 1996, below or on direct appeal, as a waiver. Goeller cannot now litigate in this Court, over four years later, the propriety of the juvenile court order establishing paternity. Accordingly, Goeller's first and second assignments of error are overruled.
 III.
The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant/cross-appellee.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCURS.