OPINION
{¶ 1} Appellant, Donald Hall, was indicted in January 1992, on three counts of rape. Appellant pled not guilty by reason of insanity and a competency examination was done.
{¶ 2} On September 18, 1992, the trial court found appellant competent to stand trial. On that same date, appellant withdrew his not guilty by reason of insanity plea and pled guilty. The record reveals a signed plea agreement wherein appellant acknowledged that he was making the plea voluntarily with the understanding of the nature of the charges and the consequences. Appellant indicated in the agreement that his attorney investigated the facts and circumstances of the case to the best of his knowledge and that appellant was satisfied that he was entering into the plea with full understanding of his legal rights as explained by trial counsel and the trial court.
{¶ 3} On November 5, 1992, appellant was sentenced to an indeterminate period of incarceration of ten to twenty-five years on each of the three counts to run concurrently. Following sentencing, appellant filed a petition to vacate and set aside sentence. The trial court denied this petition in a findings of fact and conclusions of law judgment entry dated December 30, 1996.
{¶ 4} Appellant filed a motion to withdraw his guilty plea in May 1997, and another in September 1999. The motions both alleged ineffective assistance of counsel and that the plea was involuntary because appellant was under the influence of "mind altering" drugs at the time he entered the plea. In two judgment entries, dated November 9, 2000, and October 10, 2001, the trial court held that appellant's claims were barred by the doctrine of res judicata as a result of the findings of fact and conclusions of law filed by the trial court on December 30, 1996. This appeal arises from the October 10, 2001 judgment entry.
{¶ 5} Appellant's first assignment of error is:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant in overruling his motion to vacate guilty plea and for evidentiary hearing in the face of clear evidence that, at the time of taking the plea, the court and both counsel were advised of the defendant's possible mental incompetence yet failed to conduct and conclude a proper competency hearing as required by R.C. 2945.37."
{¶ 7} Although his assignment refers to a motion to vacate, appellant alleges that the trial court erred in not granting his motion to withdraw his guilty plea. Appellant contends that the trial court failed to hold an evidentiary hearing regarding his mental incompetence at the time he entered into the plea agreement with the state.
{¶ 8} A postsentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court. Appellate "review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion."[1] Thus, we must determine whether the trial court abused its discretion in denying appellant's motion to vacate his guilty plea, which is based on the failure of the trial court to hold an evidentiary hearing regarding his mental competence prior to accepting his guilty plea.
{¶ 9} R.C. 2945.37, governing competency hearings, states:
 {¶ 10} "(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.
 {¶ 11} "(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *."
{¶ 12} Once a plea of not guilty by reason of insanity is entered, defendant's counsel must file a motion for a competency hearing.[2] Failure to file a pretrial motion for a competency hearing waives the right to such a hearing.[3] The Supreme Court of Ohio has noted that a defendant affirmatively waives his right to a previously-requested competency hearing when he withdraws his plea of not guilty by reason of insanity.[4] The Supreme Court of Ohio has also held that the right to a competency hearing rises to the level of a constitutional guarantee only when the record contains sufficient indicia of incompetence.[5]
{¶ 13} In the case sub judice, appellant initially entered a plea of not guilty by reason of insanity and appellant's counsel filed a motion to determine his competency. Although appellant failed to file a plea hearing transcript with this court, the record reveals that a sanity and competency evaluation was filed with the trial court on September 15, 1992. The report concluded that, subsequent to two separate evaluations of appellant, it was determined that he suffered from no mental deficiencies and appellant was found competent to stand trial.
{¶ 14} On September 18, 1992, appellant withdrew his not guilty by reason of insanity plea and pled guilty to the three charges of rape. Pursuant to Eley, once appellant withdrew his not guilty by reason of insanity plea, he waived his right to the previously-requested competency hearing. Moreover, the psychiatric evaluation filed with the trial court clearly found appellant sane and competent to stand trial. The record does not contain, and appellant does not provide, any evidence demonstrating sufficient indicia of incompetence.
{¶ 15} Once appellant withdrew his not guilty by reason of insanity plea, he waived his right to the previously requested competency hearing. Moreover, a review of the record indicates no indicia of incompetency and appellant provides no evidence of incompetency necessitating a hearing. Therefore, the trial court did not abuse its discretion by not holding a competency hearing at the time appellant entered his guilty plea.
{¶ 16} Appellant's first assignment of error is without merit.
{¶ 17} In his second assignment of error, appellant asserts:
 {¶ 18} "The trial court erred to the prejudice of the defendant-appellant by failing to find manifest injustice sufficient to withdraw a guilty plea, where defendant's counsel was ineffective in failing to obtain a full and open competency hearing prior to offering his client's guilty plea."
{¶ 19} Appellant's second assignment of error contains two claims. First, appellant contends that the trial court erred in not finding that there was a "manifest injustice" in appellant's entry of a guilty plea. Second, appellant argues that his trial counsel was ineffective in allowing him to plead guilty knowing that appellant was incompetent and without seeking a competency hearing.
{¶ 20} Crim.R. 32.1, governing the withdrawal of guilty pleas, states:
 {¶ 21} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
{¶ 22} The Supreme Court of Ohio has noted that, once sentenced, the defendant has the burden of establishing the existence of manifest injustice when attempting to withdraw a guilty plea.[6]
{¶ 23} In this case appellant argues that he was under the influence of "mind-altering" drugs at the time he pled guilty to the rape charges. Appellant originally pled guilty in September 1992. The sentencing occurred in November 1992. Appellant first filed a motion to withdraw his guilty plea in September 1999, with a second filing in October 2001. Therefore, there is approximately a seven-year gap between the entry of the guilty plea and the first motion claiming a manifest injustice. Although not a sole dispositive factor, this court has held that an expansive time gap between the entry of the guilty plea and the attempted withdrawal, undermines the credibility of defendant.[7]
{¶ 24} In the October 2001 motion to withdraw his guilty plea, appellant attached a letter from a physician, written six years prior, stating that certain prescription drugs would "alter your mental state." The letter does not go any further in concluding whether or not such drugs would have affected appellant's ability to make a rational decision regarding his guilty plea. Therefore, the letter fails to demonstrate that a manifest injustice occurred when appellant originally entered his guilty plea.
{¶ 25} Appellant also alleges ineffective assistance of counsel when his trial counsel failed to prevent him from entering a guilty plea and failed to insist on a competency hearing.
{¶ 26} In order to successfully claim ineffective assistance of counsel, appellant must adequately meet the requirements of the two-prong test set forth by the United States Supreme Court.[8] That original ineffective assistance of counsel test was also applied to guilty pleas by the United States Supreme Court, requiring appellant to show that counsel's performance was deficient and that there is reasonable probability that, but for counsel's errors, he would not have pled guilty.[9]
{¶ 27} Appellant fails to provide any evidence that his counsel performed deficiently. As noted in the first assignment of error, once appellant withdrew his insanity plea, his right to a competency hearing was waived. Once appellant's counsel received the copy of the competency and sanity report, it was clear that there was no evidence to compel a competency hearing. Therefore, appellant's counsel was not ineffective in failing to insist on a competency hearing at that point.
{¶ 28} Regarding the second prong, as noted above, appellant's trial counsel did not perform ineffectively and, as such, could not have affected appellant's decision to enter a guilty plea.
{¶ 29} Appellant submitted only one six-year-old letter from a physician stating that the prescription drugs he had been taking "may affect your mental state" with no other conclusions as to appellant's ability to rationally plead. Therefore, appellant's trial counsel, in receipt of the single psychiatric report which found no mental deficiencies, cannot be found to be ineffective in representing appellant. Moreover, appellant provides no evidence showing that, absent any errors by his counsel, he would have not pled guilty.
{¶ 30} Appellant's second assignment of error is without merit.
{¶ 31} Appellant's third assignment of error is:
 {¶ 32} "The trial court erred to the prejudice of the defendant-appellant when it found that issues of mental competency at time of guilty plea, and ineffective assistance of counsel at time of guilty plea were "res judicata," when the trial court failed in its duty to conduct the required competency hearing pursuant to R.C. 2945.37, and has never issued any opinion or ruling on its failure to do so."
{¶ 33} Appellant's third assignment of error argues that the trial court erred in finding that the claims of competency and ineffective assistance of counsel were barred by res judicata.
{¶ 34} The doctrine of res judicata operates to bar further litigation of issues that a party previously raised or which could have been raised on appeal.[10]
{¶ 35} A review of the record reveals that in the findings of fact and conclusions of law, filed December 30, 1996, by the trial court, the trial court addresses the two claims raised now by appellant on this appeal. Specifically, the trial court found that appellant was competent to stand trial and that appellant failed to demonstrate ineffective assistance of counsel at the time he entered his guilty plea. Appellant had raised both of these claims previously in his petition to vacate or set aside sentence. Therefore, since these claims were raised and addressed by the trial court previously, the trial court did not err in finding that these claims were now barred by the doctrine of res judicata.
{¶ 36} Appellant's third assignment of error is without merit.
{¶ 37} The judgment of the trial court is affirmed.
DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.
[1] State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
[2] State v. Bekesz (1991), 75 Ohio App.3d 436, 441.
[3] Id at 442.
[4] State v. Eley (1996), 77 Ohio St.3d 174, 183.
[5] State v. Smith (2000), 89 Ohio St.3d 323, 329.
[6] State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
[7] State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 WL 757458, at *5.
[8] Strickland v. Washington (1984), 466 U.S. 668.
[9] Hill v. Lockhart (1985), 474 U.S. 52.
[10] State v. Moore, 93 Ohio St.3d 649, 652, 2001-Ohio-1892.