JOURNAL ENTRY and OPINION
{¶ 1} In State v. Budreaux, Cuyahoga County Court of Common Pleas Case No. CR-216104, applicant, Francois Budreaux, pled guilty to rape. This court affirmed that judgment in State v. Budreaux (Sept. 16, 1993), Cuyahoga App. No. 63698.
 {¶ 2} Budreaux has filed with the clerk of this court an application for reopening. Budreaux asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to investigate Budreaux's claims that the trial court judge should not have presided over Budreaux's case. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming Budreaux's conviction was journalized on April 17, 1992. The application was filed on August 30, 2002, clearly in excess of the ninety-day limit. Budreaux contends that: he "was not aware" of State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, when this court affirmed his conviction; he "had no knowledge" of Murnahan until 2002; and that he "was consciously prevented from obtaining a filing and ruling on a motion for Recusal of his trial court judge * * * until 5 February 2002." Application, at 1-2.
 {¶ 5} "Yet, `this court has established that ignorance of the law is no excuse for failing to file a timely application for reopening.State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481.' State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported, reopening disallowed (Aug. 30, 1996), Motion No. 72596, at 2. Being unaware does not establish good cause. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening." State v. Buehler (Jan. 29, 1987), Cuyahoga App. No. 51522, reopening disallowed (Mar. 27, 1998), Motion No. 88009, at 2-3. Likewise, Budreaux's claim of being unaware of Murnahan does not establish good cause for the delay in filing his application.
 {¶ 6} Budreaux has also failed to provide this court with any authority indicating that the timing of the trial court's recusal establishes good cause for his delay. Indeed, in an appeal from the denial of an application for reopening, the Supreme Court rejected a proposition of law asserting that the court of appeals erred in denying the applicant's request that the members of the court recuse themselves from ruling on the application.
 {¶ 7} "Under R.C. 2501.13, when a party believes that a judge of the court of appeals is biased, the proper avenue for redress is filing an affidavit of disqualification with this court. See Section 5(C), Article IV, Ohio Constitution; see, also, Beer v. Griffith (1978),54 Ohio St.2d 440, 441, 8 Ohio Op.3d 438, 439, 377 N.E.2d 775, 776. Moore did not file such an affidavit, and therefore is foreclosed from bringing such a complaint." State v. Moore, 93 Ohio St.3d 649, 650,2001-Ohio-1892, 758 N.E.2d 1130. A comparable provision, R.C. 2701.03, governs the procedure for the disqualification of a common pleas judge. Budreaux does not assert that he invoked the proper procedure for raising his claims regarding the trial judge. As was the case in Moore, therefore, we must hold that Budreaux is foreclosed from raising these claims as part of an application for reopening.
 {¶ 8} We also note that the affidavits on which Budreaux relies as the factual basis for these claims are dated at various times in 1997. Of course, the fact that these affidavits were five years old when Budreaux filed his application for reopening provides an additional basis for this court to conclude that he has not demonstrated good cause for the delay in filing his application for reopening. Furthermore, Budreaux concedes that these affidavits are outside the record which was before the trial court at the time he entered his plea — "evidence dehors the record" which "didn't exist until 1997!" Budreaux's Memorandum in Rebuttal (filed Oct. 30, 2002), at 3 and 4. "[B]ecause [the applicant's] argument relies upon matters outside the record of trial, it would have been inappropriate for counsel to have assigned error with respect to this issue. * * *. Rather, such issue should have been raised in postconviction relief proceedings. * * *." State v. McNeal, Cuyahoga App. No. 77977, 2002-Ohio-4764, at ¶ 12. In fact, Budreaux acknowledges that he filed the same affidavits as part of a petition for postconviction relief. Budreaux's Memorandum in Rebuttal (filed Oct. 30, 2002), at 4.
 {¶ 9} The "evidence" on which Budreaux bases his argument did not exist at the time his case was before the trial court and is, therefore, obviously outside the record which was on direct appeal. Any attempt by appellate counsel to raise the claims now asserted by Budreaux could not, therefore, have been maintained on direct appeal.
 {¶ 10} Budreaux's application contains an additional defect. An application for reopening shall contain all of the following:
 {¶ 11} "* * * (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *."
 {¶ 12} The application Budreaux filed on August 30, 2002 did not include a sworn statement. On October 1, 2002, however, Budreaux filed a "Motion to Reopen — Verified — 2nd Filing Attempt" which includes a sworn statement. In the substantive portion of the sworn statement, Budreaux avers that his motion "is stated as best manner in which the deficiency [of appellate counsel's representation] prejudicially affected the outcome of my appeal, and citations to applicable authorities and references as needed/required." Compare Statev. Nero, Cuyahoga App. No. 47782, 2003-Ohio-268, ¶ 12-15 ("that the allegations, averments, or contents of the legal documents attached hereto are true and correct to the best of my knowledge, information, and belief"). In Nero, we held that the applicant's failure to comply with App.R. 26(B)(2)(d) was a sufficient basis for denying the application for reopening.
 {¶ 13} We must also hold in this case that Budreaux's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.
As a consequence, Budreaux has not met the standard for reopening. Accordingly, the application for reopening is denied.
KENNETH A. ROCCO, P.J., and PATRICIA A. BLACKMON, J., CONCUR.