JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Matthew Moore ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case and the facts, appellant was indicted on November 1, 2005 on 18 counts in Case No. CR-472359. He initially pled not guilty to all charges. However, on March 13, 2006, appellant withdrew his previously entered pleas of not guilty and entered pleas of guilty to a number of counts in the indictment. He pled guilty to four felonies of the first degree: count one, attempted murder, count two, aggravated robbery, count three, aggravated burglary, and count four, kidnaping, all punishable with a prison term of three to ten years. Appellant further pled guilty to count six, theft, a felony of the fourth degree, and count 18, theft, a misdemeanor of the first degree.
 {¶ 3} Appellant's counsel stated that the plea agreement set forth in the record was correct. The lower court went through a complete recitation of appellant's constitutional rights, and appellant indicated that he understood he was waiving the rights discussed by the court. The trial court then reviewed the charges appellant was pleading to as stated above, including possible maximum prison terms on each of the counts. The court then found that appellant knowingly, voluntarily, and intelligently waived his constitutional rights. *Page 3 
 {¶ 4} Appellant was sentenced on April 13, 2006. His counsel spoke on behalf of him, and the victim's family spoke on behalf of the victim. The State and Detective Carl Gulas from the Rocky River Police Department also spoke. Appellant also addressed the court.
 {¶ 5} The trial judge announced at sentencing that this was one of the most horrendous cases she had ever seen. The court addressed appellant's criminal history and prior incarcerations as a juvenile offender. The court then stated:
 "the purpose of sentencing is to protect the public, and punish the offender. He's been placed on probation. He's been placed in drug treatment and it didn't work. He has gotten out of jail and he was on post release control and he went out and he did this again. And this court believes that he will continue to do this."[1]
 {¶ 6} The court went on to say:
 "maximum sentences are necessary to protect the public and to punish the offender. Further this court believes that consecutive sentences are also necessary to punish the offender and protect the public. And they are not out of line with the horrendous nature of this crime and the people whose lives have been touched by it."[2]
 {¶ 7} The court then sentenced appellant to ten years for each count of attempted murder, aggravated burglary, aggravated robbery and kidnaping. The court sentenced appellant to 18 months on the count of theft. All counts were to be *Page 4 
served consecutively, for a total prison term of 41½ years, and six months on count 18, to be served concurrently. This appeal now follows.
 II {¶ 8} First assignment of error: "The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4)."
 {¶ 9} Second assignment of error: "The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 10} Third assignment of error: "The trial court erred when it made findings in the journal entry not reflected in the sentencing hearing and thus improperly sentenced appellant without him being present in violation of Criminal Rule 43(A)."
 III {¶ 11} Because of the substantial interrelationship between appellant's three assignments of error, we shall address them together. The Ohio Supreme Court has declared R.C. 2929.14(E)(4), which governed consecutive sentences, and R.C. 2929.14(C), which governed maximum sentences, unconstitutional and excised the offending parts of the statutes from the statutory scheme. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, applying United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 and Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. *Page 5 
 {¶ 12} In Foster, supra, at 61, 64, and 67, the Ohio Supreme Court held that judicial fact-finding to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely. The court also held that "after the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant."Foster, supra, at 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, supra, at paragraph seven of the syllabus, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 13} Accordingly, we find appellant's arguments concerning consecutive and maximum sentencing to be without merit. In addition to appellant's arguments concerning consecutive and maximum sentencing issues, appellant also argues that retroactive application of theFoster remedy violates the basic principles of ex post facto and due process. We do not find merit in appellant's argument.
 {¶ 14} The Ex Post Facto Clause of Section 10, Article I, of the United States Constitution prohibits "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." See Rogers v. Tennessee (2001),532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697, quoting Calder v. Bull (1798),3 U.S. 386, 3 Dallas 386, 390, 1 L.Ed. 648, 3 Dallas 386 (seriatim *Page 6 
opinion of Chase, J.). The United States Supreme Court placed similar restrictions on judicial opinions in Bouie v. Columbia (1964),378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894.
 {¶ 15} In considering the state constitution, we look at the Ohio Supreme Court's intention behind the retroactive application ofFoster. The court applied its holding retroactively, but only to cases on direct appeal and those pending in the trial courts. Id. at 104.Foster applies retroactively because the court did not limit its holding to offenses committed on or after February 27, 2006, the dateFoster was decided.
 {¶ 16} The Foster court held that the Ohio sentencing scheme was intended to allow trial courts to select sentences within a range. TheFoster court explained that:
 "[T]he General Assembly provided a sentencing scheme of `guided discretion,' for judges, intending that the required findings guide trial courts to select sentences within a range rather than to mandate specific sentences within that range. When mandatory sentences are intended, they are expressed. We, therefore, reject the criminal defendants' proposed remedy of presumptive minimum sentences, for we do not believe that the General Assembly would have limited so greatly the sentencing court's ability to impose an appropriate penalty." Id. at 89.
 {¶ 17} Appellant's ex post facto argument is erroneous; ex post facto applies only after a defendant has been resentenced. In the case at bar, appellant's case was not pending on appeal. Rather, appellant was sentenced on April 14, 2006, post Foster. Accordingly, appellant's argument fails because there is no retroactive application ofFoster to his case. *Page 7 
 {¶ 18} In addition to the consecutive and maximum sentencing arguments above, appellant further argues that the trial court erred when it made findings in the journal entry not reflected in the sentencing hearing and, thus, improperly sentenced appellant without him being present. Again, we find appellant's argument to be without merit. As previously stated, according to Foster, supra, the court is no longer obligated to give reasons or findings prior to imposing a consecutive or maximum sentence. State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083. The evidence in the record demonstrates that the trial court complied with all of the sentencing requirements of Foster and did not act improperly in regard to its journal entry.
 {¶ 19} Accordingly, we overrule appellant's first, second, and third assignments of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
CHRISTINE T. McMONAGLE, J., CONCURS; PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY
[1] Tr. 34.
[2] Tr. 35. *Page 1