JOURNAL ENTRY AND OPINION
{¶ 1} On May 2, 2007, pursuant to App.R. 26(B), Matthew Moore timely applied to reopen this court's judgment in State v. Matthew Moore, Cuyahoga App. No. 88160, 2007-Ohio-1303, in which this court affirmed his convictions and sentences for attempted murder, aggravated robbery, aggravated burglary, kidnaping and two counts of theft. Moore argues that his appellate counsel was ineffective because he did not argue that Moore's guilty plea was involuntary and coerced. For the following reasons, this court denies Moore's application.
 {¶ 2} The Grand Jury indicted Moore for attempted murder, felonious assault, two counts of aggravated burglary, aggravated robbery, kidnaping, theft of a motor *Page 3 
vehicle, three other counts of theft, five counts of misuse of a credit card and disrupting telephone service. Moore, who was then twenty-one years-old and on parole, gained entrance to the home of an eighty-seven year-old woman on the pretense of offering her help on house work. He then brutally beat her unconscious, ransacked her home, tore out the telephones from the wall, and escaped by stealing her car. Two of the counts related to a different burglary and theft in Lakewood. When caught, Moore admitted his guilt by making a videotaped confession and writing a letter of apology to the victim. He pleaded guilty to attempted murder, aggravated robbery, aggravated burglary, kidnaping, theft of a motor vehicle, and misdemeanor theft for the Lakewood incident. All the other counts were nolled.
 {¶ 3} In the sentencing memoranda defense counsel asked the court to impose concurrent terms of imprisonment greater than the minimum but less than the maximum because of Moore's youth, limited education and drug addiction. The prosecutor noted the possibility of maximum, consecutive sentences and asked the court to impose consecutive sentences because of the harm inflicted on the victim. The trial judge imposed a prison term of 41.5 years, consisting of maximum, consecutive sentences for the attempted murder, robbery, burglary, kidnaping and motor vehicle theft charges. At the end of sentencing, defense counsel objected to the consecutive sentences, but the record does not indicate that Moore said anything. On appeal counsel argued that the trial judge improperly imposed maximum, consecutive sentences without making the appropriate findings, and that *Page 4 
the application of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, violated the Ex Post Facto Clause of the United States Constitution.
 {¶ 4} Moore now argues that his plea was involuntary and coerced. He alleges that in a conference among the prosecutor, defense counsel and himself, the prosecutor threatened to take his mother's house as a drug house unless he pleaded guilty, but assured Moore that he would receive less than the maximum sentence. Indeed, the judge had already agreed to this plea bargain. He was further instructed to mention none of this during the court proceedings. Moore asserts that when the judge imposed the maximum, consecutive sentences, he immediately objected and told the judge that this was not the deal that he had made, but the judge ordered him removed from the courtroom. Moore also states that he asked his appellate counsel to argue a coerced and involuntary plea, but his appellate counsel refused to raise these issues and refused to send him a copy of the transcript.
 {¶ 5} However, appellate review is strictly limited to the record.The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and RepublicSteel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. See State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to *Page 5 
the record and then arguing that counsel should have raised these new issues revealed by the newly added material." State v. Moore,93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." State v. Burke, 97 Ohio St.3d 55,2002-Ohio-5310, 4|10, 776 N.E.2d 79.
 {¶ 6} In present case the record does not support Moore's arguments. The transcript does not contain any statements from Moore after sentencing. There is reference to his mother being a drug addict, and Moore apologized to the court for an outburst at an earlier hearing, but the transcript does record an outburst at the sentencing hearing about threats to his mother's house or a deal for less than the maximum sentence. Indeed, those allegations seem inconsistent with Moore's apologies to the victim, the victim's family and the court. Without support in the record, appellate counsel properly rejected Moore's insistence on arguing the involuntariness of the plea.
 {¶ 7} Accordingly, this court denies Moore's application to reopen.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 JAMES J. SWEENEY, J., and KENNETH A. ROCCO, J., CONCUR *Page 1