[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 55.]

THE STATE OF OHIO, APPELLEE, *v*. BURKE, APPELLANT.

[Cite as *State v. Burke*, 2002-Ohio-5310.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application affirmed, when—Application denied when applicant fails to demonstrate the existence of a genuine issue as to appellate counsel's effectiveness.*

(No. 2001-2185—Submitted July 24, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 90AP-1344, 2001-Ohio-4067.

_____

**Per Curiam.**

{¶1} Appellant, Mark Burke, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶2} Burke was convicted of aggravated murder and sentenced to death. The Court of Appeals for Franklin County affirmed his conviction and sentence. *State v. Burke* (Dec. 28, 1993), Franklin App. No. 90AP-1344, 1993 WL 541653. We affirmed the court of appeals' judgment. *State v. Burke* (1995), 73 Ohio St.3d 399, 653 N.E.2d 242. The Supreme Court of the United States denied certiorari. *Burke v. Ohio* (1996), 517 U.S. 1112, 116 S.Ct. 1336, 134 L.Ed.2d 486.

{¶3} On May 22, 2001, Burke's counsel filed an App.R. 26(B) application in the court of appeals. App.R. 26(B)(5) requires that the applicant show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Burke claimed that he had been denied effective assistance by reason of his appellate counsel's failure to raise 20 issues on direct appeal. The court of appeals examined each of Burke's contentions and found that they failed to

demonstrate the existence of a genuine issue as to appellate counsel's effectiveness. The court therefore denied Burke's application. *State v. Burke* (Nov. 15, 2001), Franklin App. No. 90AP-1344, 2001 WL 1426433.

{¶4} In his first proposition of law, Burke contends that he did raise a genuine issue and that his application should therefore have been granted.

{¶5} *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, establishes the standard for judging ineffective-assistance claims. The two-part *Strickland* test, we have held, "is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696.

{¶6} Under *Strickland*, a defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674. He must also show that the ineffective representation prejudiced his case: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.

{¶7} Under *Strickland*, a court must apply "a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, since the basis of Burke's claim is counsel's failure to raise certain issues on appeal, we note that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987.

**{¶8}** The court of appeals, applying *Strickland*, concluded that Burke's application failed to raise any genuine issue of ineffective assistance of counsel. We agree. We therefore overrule Burke's first proposition of law.

**{¶9}** In his second proposition of law, Burke contends that the court of appeals erroneously denied his request for an evidentiary hearing on the application, see App.R. 26(B)(8), and his related requests for discovery, funds to retain an expert witness regarding ineffective assistance of counsel, and appointment of counsel. He contends that the court should have held a hearing to determine whether, under all the circumstances, appellate counsel's conduct was sound strategy or deficient performance.

**{¶10}** This proposition lacks merit. The court of appeals carefully reviewed each of the 20 issues Burke wishes to raise on a reopened appeal. Four of them simply lacked support in the trial record. Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel. See *State v. Hill* (2001), 90 Ohio St.3d 571, 573, 740 N.E.2d 282. Hence, there was no need to inquire into the circumstances surrounding counsel's failure to raise these claims.

**{¶11}** Nor was Burke entitled to a hearing to determine the facts underlying the claims themselves, for "the effectiveness of appellate counsel [cannot] be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material." *State v. Moore* (2001), 93 Ohio St.3d 649, 650, 758 N.E.2d 1130.

**{¶12}** The court of appeals determined that appellate counsel's failure to raise ten other claims was not deficient performance because four were barred by res judicata, while six were not supported by existing law. Finally, the court determined that counsel's failure to raise six other claims was not prejudicial under *Strickland*. Again, there was no need to inquire into the circumstances surrounding appellate counsel's decision not to raise these claims.

**{¶13}** Finally, as to the appointment of counsel, Burke was, in fact, represented by counsel on his App.R. 26(B) application.  See *Moore*, 93 Ohio St.3d at 650, 758 N.E.2d 1130.

**{¶14}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Law Offices of John S. Marshall and Lori Leon; and Carol A. Wright, for appellant.

_____