[Cite as *State v. Logan*, 2012-Ohio-5713.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97022

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MONTEZ LOGAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-540250
Application for Reopening
Motion No. 457035

**RELEASE DATE:**   November 30, 2012

**APPELLANT**

Montez Logan, pro se
Inmate No. A603004
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
James M. Price
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} On July 23, 2012, the applicant, Montez Logan, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), timely applied to reopen this court's judgment in *State v. Logan*, 8th Dist. No. 97022, 2012-Ohio-1944, in which this court affirmed Logan's convictions and sentences for two counts of aggravated murder, three counts of attempted aggravated murder, with one and three-year firearm specifications, and one count of having a weapon under disability.[1] Logan now maintains that his appellate counsel should have argued that his trial counsel was ineffective in the following ways: (1) she did not request his presence at a jury view of the crime scene; (2) she did not call various witnesses to support his defense; (3) she did not have an investigator to investigate his alibi defense; and (4) she did not seek to replace sleeping jurors. On August 9, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies Logan's application to reopen.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

---

[1] At approximately 8:30 p.m. on July 17, 2010, five men were socializing outside a house, when two men approached and fired on them with an AK-47. The five men tried to flee. Two were killed, one was shot in the foot, another injured his foot, and the other escaped unharmed. Two

(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

**{¶3}** In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential.  The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient.   Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*   at 689.

**{¶4}** Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987

---

eyewitnesses identified Demetrius Allen and Montez Logan as the two assailants.

(1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6} Furthermore, appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to

raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

**{¶7}** Logan's first argument is that his trial counsel was ineffective for not requesting that he be present during the jury view. He claims that his absence prevented him from requesting certain observations that would later bolster his case that certain witnesses could not have seen what they claimed.

**{¶8}** The record shows that the jury did view the crime scene. However, it is silent as to who was or was not present, to what was observed, and to what was requested. In *State v. Richey,* 64 Ohio St.3d 353, 367, 1992-Ohio-44, 595 N.E.2d 915, the Supreme Court of Ohio ruled that a "court cannot presume prejudice from an unrecorded visit to a crime scene." Therefore, this argument fails because Logan cannot establish prejudice. Additionally, a "view of a crime scene is neither evidence nor a critical stage in the proceedings." *Id.* Thus, Logan did not have a right to be present at the view. Accordingly, it is understandable that appellate counsel in the exercise of professional judgment would decline to argue this point.

**{¶9}** Logan also argues that his trial counsel was ineffective for failing to call additional witnesses on his behalf. He submits that these witnesses would have testified that they "suspected Arsenio Smith of committing the murders." (Pg. 4 of application.) During the cross-examination of the

investigating police officers, defense counsel elicited that various individuals had told the officers that Arsenio might have been the perpetrator. Logan now claims that these witnesses could have bolstered that evidence.

{¶10} However, the record does not verify what the testimony of these witnesses would have been. Without that, appellate counsel and this court could only speculate what the testimony would have been and whether that would have been helpful to Logan. Speculation is insufficient for making an appellate argument and does not establish prejudice. *State v. Addison*, 8th Dist. No. 90642, 2009-Ohio-221, *reopening disallowed* 2009-Ohio-2704; and *State v. Abdul*, 8th Dist. No. 90789, 2009-Ohio-225, *reopening disallowed*, 2009-Ohio-6300. Moreover, the decisions on what evidence to present fall within the realm of trial strategy and tactics that will ordinarily not be disturbed on appeal. *State v. Warner*, 8th Dist. No. 95750, 2011-Ohio-4096, *reopening disallowed*, 2012-Ohio-256.

{¶11} Similarly, Logan's next argument is also unpersuasive. He claims that his trial counsel did not have an investigator to investigate his alibi defense or that she failed to investigate it herself. During trial, Logan, Allen, Allen's brother, and a friend of Allen's brother, all testified that on the day of the shooting, Allen and Logan took Allen's brother and his friend to a shoe store at Lee and Harvard and then took them home. Allen, Logan, and the brother indicated that this trip took place between 6:30 and 8:30 p.m., so

that Allen and Logan would not have had time to travel to East 123rd and Signet, the location of the crime, to have committed it at approximately 8:30. The friend indicated that the trip might have been earlier in the day. Logan also maintained that after returning Allen's brother and the friend to their home, he and Allen stopped at a liquor store and went to a friend's house. Logan now complains that his trial counsel did not investigate this alibi enough, such as seeking the film from the stores' surveillance cameras.

{¶12} However, the record shows that defense counsel did have an investigator who participated in the preparation of the case. Nevertheless, this argument is dependent on speculation. The record does not indicate whether either defense counsel or the investigator went to the stores, whether anyone there had any recollection of that day, whether there were working cameras, whether the films were preserved, or what they showed. Without the answers to those questions, appellate counsel and this court could only speculate on what the evidence would have shown. That is not the basis for a sound appellate argument, and prejudice cannot be established.

{¶13} Logan's final argument is that "trial counsel was ineffective for remaining silent to replace other sleeping jurors." Toward the end of the trial, defense counsel raised the issue with the judge that jurors 1 and 3 were sleeping at various times during the trial. The judge questioned both jurors. Juror number 3 admitted to sleeping during the trial, and the judge replaced

him with an alternate. Juror number 1 denied sleeping, and defense counsel did not ask for his removal. Beyond this, the record is not clear as to whether any other jurors may have been sleeping during the trial.

{¶14} Appellate counsel addressed this issue in the third assignment of error: "Appellant was denied a fair trial and his right to due process by at least one juror sleeping during the testimony and the court not properly dealing when it was brought to its attention." The gravamen of this argument was that the trial court erred in waiting until the close of evidence to investigate, instead of addressing the issue when defense counsel raised it. Following the admonition of the Supreme Court, this court will not question the reasonable professional judgments of counsel in framing issues supported by the record, as compared to others that have less support. Moreover, Logan did not explicitly argue this issue in his application.

{¶15} Accordingly, this court denies the application to reopen.

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR