[Cite as *State v. Allen*, 2012-Ohio-5709.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97014

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# DEMETRIUS ALLEN

### DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-540250
Application for Reopening
Motion No. 457034

**BEFORE:** Blackmon, A.J., S. Gallagher, J., and Kilbane, J.

**RELEASED DATE:** December 5, 2012

## FOR APPELLANT

Demetrius Allen, Pro Se
Inmate No. A602955
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio 44044

## ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Sanjeev Bhasker
James M. Price
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} On July 23, 2012, the applicant, Demetrius Allen, pursuant to App.R. 26(B) and

*State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), timely applied to reopen this court's judgment in *State v. Allen*, 8th Dist. No. 97014, 2012-Ohio-1831, in which this court affirmed Allen's convictions and sentences for two counts of aggravated murder, three counts of attempted aggravated murder, with one and three-year firearm specifications, and one count of having a weapon under disability.[1] Allen now maintains that his appellate counsel should have argued that his trial counsel was ineffective in the following ways: (1) she did not request his presence at a jury view of the crime scene; (2) she did not call various witnesses to support his defense; (3) she did not have an investigator to investigate his alibi defense; (4) she did not object to the prosecutor's questions to him concerning a local gang; and (5) she did not seek to replace various sleeping jurors. On August 8, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies Allen's application to reopen.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989);

---

[1] At approximately 8:30 p.m. on July 17, 2010, five men were socializing outside a house, when two men approached and fired on them with an AK-47. The five men tried to flee. Two were killed, one was shot in the foot, another injured his foot, and the other escaped unharmed. Two eyewitnesses identified Demetrius Allen and Montez Logan as the two assailants.

and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. 668 at 689, 104 S.Ct. at 2065.

{¶4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective

advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6} Furthermore, appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310,776 N.E.2d 79, ¶10.

{¶7} Allen's first argument is that his trial counsel was ineffective for not requesting that he be present during the jury view. He claims that his absence prevented him from

requesting certain observations that would later bolster his case that certain witnesses could not have seen what they claimed.

{¶8} The records shows that the jury did view the crime scene. However, it is silent as to who was or was not present, to what was observed, and to what was requested. In *State v. Richey,* 64 Ohio St.3d 353, 367, 1992-Ohio-44, 595 N.E.2d 915, the Supreme Court of Ohio ruled that a "court cannot presume prejudice from an unrecorded visit to a crime scene." Therefore, this argument fails because Allen cannot establish prejudice. Additionally, a "view of a crime scene is neither evidence nor a critical stage in the proceedings." *Id.* Thus, Allen did not have a right to be present at the view. Accordingly, it is understandable that appellate counsel in the exercise of professional judgment would decline to argue that point.

{¶9} Allen also argues that his trial counsel was ineffective for failing to call additional witnesses on his behalf. He submits that these witnesses would have testified that they "suspected Arsenio Smith of committing the murders." (Pg. 4 of application.) During the cross-examination of the investigating police officers, Allen's counsel elicited that various individuals had told the officers that Arsenio might have been the perpetrator. These witnesses could have bolstered that evidence.

{¶10} However, the record does not verify what these witnesses' testimony would have been. Without that, appellate counsel and this court could only speculate what the testimony would have been and whether that would have been helpful to Allen. Speculation

is insufficient for making an appellate argument and does not establish prejudice. *State v. Addison*, 8th Dist. No. 90642, 2009-Ohio-221, *reopening disallowed*, 2009-Ohio-2704; and *State v. Abdul*, 8th Dist. No. 90789, 2009-Ohio-225, *reopening disallowed*, 2009-Ohio-6300.

Moreover, the decisions on what evidence to present fall within the realm of trial strategy and tactics that will ordinarily not be disturbed on appeal. *State v. Warner*, 8th Dist. No. 95750, 2011-Ohio-4096, *reopening disallowed*, 2012-Ohio-256.

{¶11} Similarly, Allen's next argument is also unpersuasive. He claims that his trial counsel did not have an investigator to investigate his alibi defense or that she failed to investigate it herself. During trial, Allen, Allen's brother, Logan, and a friend of Allen's brother, all testified that on the day of the shooting, Allen and Logan took Allen's brother and his friend to a shoe store at Lee and Harvard and then took them home. Allen, Logan, and the brother indicated that this trip took place between 6:30 and 8:30 p.m., so that Allen and Logan would not have had time to travel to East 123rd and Signet, the location of the crime, to have committed it at approximately 8:30. The friend indicated that the trip might have been earlier in the day. Allen also maintained that after dropping his brother and the friend at home, he and Logan stopped at a liquor store and went to a friend's house. Allen now complains that his trial counsel did not investigate this alibi enough, such as seeking the film from the stores' surveillance cameras.

{¶12} However, the record shows that defense counsel did have an investigator who

participated in the preparation of the case. Nevertheless, this argument is dependent on speculation. The record does not indicate whether either defense counsel or the investigator went to the stores, whether anyone there had any recollection of that day, whether there were working cameras, whether the films were preserved, and what they showed. Without the answers to those questions, appellate counsel and this court could only speculate on what the evidence would have shown. That is not the basis for a sound appellate argument, and prejudice cannot be established.

{¶13} Next, Allen argues that his trial counsel was deficient in allowing the prosecutor to question him concerning his possible connections to a local gang. Again, Allen cannot establish prejudice. Allen's appellate counsel chose to address this issue directly, rather than indirectly through the lens of ineffective assistance of trial counsel, by arguing the following: "Suggestions of potential gang affiliation and improper comments about defense counsel resulted in prejudice and deprived appellant of his federal and state constitutional rights to due process and a fair trial." In rejecting this assignment of error, this court reviewed the relevant testimony and ruled: "Allen has failed to demonstrate how the admission of the testimony alleging the potential of gang membership adversely affected his right to a fair trial * * *." There was no prejudice from the testimony. He already argued this point and lost.

{¶14} Allen's final argument is "that trial counsel only requested an in-

camera-inspection of juror numbers 1 and 3. Counsel could have moved the court to voir dire or replace other jurors alleged to be sleeping." Toward the end of the trial, defense counsel raised the issue with the judge that jurors 1 and 3 were sleeping at various times during the trial. The judge questioned both jurors. Juror number 3 admitted to sleeping during the trial, and the judge replaced him with an alternate. Juror number 1 denied sleeping, and defense counsel did not ask for his removal. Beyond this, the record is not clear as to whether any other jurors may have been sleeping during trial.

{¶15} Appellate counsel addressed this issue in the third assignment of error: "Appellant was deprived of his due process rights and his rights to a fair trial by jury under the Sixth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution where issues of juror misconduct were not timely addressed." In addition to the question of the two jurors suspected of sleeping, appellate counsel also argued that the judge erred by not addressing earlier problems other jurors had. One juror was afraid of making a bad impression on a new employer because the case was taking so long. Another had a medical procedure scheduled. Following the admonition of the Supreme Court, this court will not question the reasonable professional judgments of counsel in framing issues supported by the record, as compared to others that have less support.

{¶16} Accordingly, this court denies the application to reopen.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR