[Cite as *State v. Pruitt*, 2013-Ohio-2459.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98080**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENVER A. PRUITT

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Application for Reopening
Motion No. 462522
Cuyahoga County Court of Common Pleas
Case No. CR-552756

**RELEASE DATE:**     June 7, 2013

**FOR APPELLANT**

Denver Pruitt, pro se
Inmate No. 622-920
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio    44430

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Katherine E. Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

**{¶1}** On February 14, 2013, the applicant, Denver Pruitt, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Pruitt*, 8th Dist. No. 98080, 2012-Ohio-5418, in which this court affirmed Pruitt's convictions and sentence of 16 years for four counts of aggravated robbery, one count of kidnapping, four counts of felonious assault, all with one- and three-year firearm specifications, and one count of having a weapon under disability.[1] Pruitt argues that his appellate counsel should have argued ineffective assistance of trial counsel for advising him not to accept the plea negotiation in which the prosecution offered six years. On March 15, 2013, the state of Ohio, through the Cuyahoga County Prosecutor, filed its brief in opposition. For the following reasons, this court denies the application to reopen.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

**{¶3}** Moreover, appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). Thus, "a

---

[1] The evidence showed that Pruitt and Eugene Nelson attempted to rob Advance Iron and Metal in June 2011. During the incident, two persons fired weapons, and the owner of the business and Nelson were wounded. After the police apprehended Pruitt, several people identified him as a perpetrator in a cold stand shortly after the incident.

reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

{¶4} In the present case, Pruitt swears in his affidavit that counsel knowingly gave him unsound advice not to accept the plea deal that would have given him a sentence of six years. Pruitt further states that his trial lawyers told him that a plea could be negotiated during trial. However, he never refers where in the record there is support for this proposition. Moreover, the record indicates that Pruitt was not willing to accept the plea deal offered, but wanted to go to trial. At a pretrial hearing on Pruitt's motion for a new attorney, the judge remarked that because the prosecutor's office was not willing to give Pruitt a plea that Pruitt was willing to accept, the case was set for trial. (Tr. 15-16.) Later in the same hearing the judge noted that it appeared that defense counsel was not trying to force Pruitt to enter into a plea bargain of any sort. Pruitt responded: "That's — a little bit that's what I was getting the understanding of she was trying to get me to plead to some things that I don't understand. And like I ain't do none of the things

she trying to get me to plead to. I'm not willing to plead to any of that stuff." (Tr. 17-18.)

{¶5} Subsequently, the judge clarified that there had been plea discussions, but that Pruitt wanted a trial. The prosecutor's office offered a plea of one count of aggravated robbery with a three-year firearm specification, but Pruitt rejected the offer. (Tr. 39-40.) Therefore, appellate counsel properly declined to argue an assignment of error that not only was bereft of record support, but also was contradicted by the record.

{¶6} Accordingly, this court denies the application.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR