[Cite as *State v. Puchowicz*, 2024-Ohio-5766.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA, | CASE NO. 2023-P-0106 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Municipal Court, Ravenna Division |
| - vs - | |
| KATERYNA PUCHOWICZ, | Trial Court No. 2023 CRB 01386 R |
| Defendant-Appellant. | |

## O P I N I O N

Decided: December 9, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Kateryna Puchowicz*, pro se, 700 Newport Lane, Apt. 206, Streetsboro, OH 44241 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Kateryna Puchowicz ("appellant"), appeals her conviction of domestic violence in the Portage County Municipal Court.

{¶2} On appeal, appellant argues that her conviction is based on insufficient evidence, is against the manifest weight of the evidence, and asserts that the trial court applied the incorrect burden of proof. Appellant further alleges that she received ineffective assistance of counsel at trial.

**{¶3}** Upon review of the record, we conclude that sufficient evidence was presented to support the conviction of domestic violence and that appellant's convictions are consistent with the manifest weight of the evidence. Further, the trial court used the appropriate burden of proof, finding appellant guilty of domestic violence beyond a reasonable doubt.

**{¶4}** Trial counsel's failure to make a Crim.R. 29 motion or authenticate the 911 call or the body cam recording, did not amount to ineffective assistance of counsel. Further, trial counsel's decisions regarding the examination of witnesses was trial strategy and also did not amount to ineffective assistance of counsel.

**{¶5}** Appellant's conviction for domestic violence is affirmed.

### Substantive and Procedural History

**{¶6}** A complaint was filed in the Portage County Municipal Court on June 12, 2023 charging appellant with domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A). The appellant entered a plea of not guilty to the charge at arraignment. A temporary protection order was granted.

**{¶7}** This matter proceeded to a bench trial on October 24, 2023. The following facts were elicited at trial.

**{¶8}** Keneth Puchowicz (Keneth) testified he is married to appellant. The pair were married approximately twelve years and have two children. On June 9, 2023, Keneth got off work early and headed to the store to pick up prescriptions. He testified that appellant asked him to pick up some vodka while he was out. After running the errands, Keneth returned home.

2

{¶9} Keneth testified that they were having their septic tank cleaned and that he and the children were in the yard assisting. He testified that appellant was tattooing their rabbits for sale. He also testified he noticed appellant made several trips back to the residence during this time. After the septic tank was cleaned, he testified that he noticed that a significant amount of vodka was missing from the newly purchased bottle when he went inside to pour himself a drink.

{¶10} According to Keneth, he paid for the services on the septic tank and began to prepare for dinner. The two kids were rambunctious and were running in and out of the house. While Keneth was corralling the children, he noticed that appellant was intoxicated. He testified he asked her to go to bed and she complied with his request. While Keneth was preparing dinner, the kids managed to sneak outside to the playground. One of the children was stung by a wasp. When Keneth went to check on the child, he was also stung. Ken testified that the area where the child was stung began to swell. Keneth, after being unable to find medication for the child, woke appellant up. Keneth testified that appellant became combative and began yelling at him.

{¶11} According to Keneth, he exited the residence to see if appellant's mother, Natalia Tsygankova ("Tsygankova"), who was working in the garden, could help calm appellant down. While exiting, appellant struck him in his back and on the back of his head. When Keneth turned around, appellant punched him in the face and broke his glasses.

3

{¶12} Keneth testified that when he attempted to go inside the residence to call the police, appellant started locking all the doors and yelling profanities. Keneth was able to retrieve his phone and call the police. The 911 recording was played for the court.[1]

{¶13} When the first responders arrived, Keneth was evaluated by emergency personnel. Portage County Sheriff's Deputy Jason Gardner ("Deputy Gardner") was dispatched to the residence. Deputy Gardner was not the first officer to arrive. Upon arrival, Deputy Gardner testified that Keneth was inside the ambulance. Keneth had broken glasses and a red swollen mark on his forehead. Deputy Gardner testified he wasn't sure if the mark was from a punch or from the bee sting. Keneth provided a statement to the sheriff regarding the incident. Appellant was subsequently placed under arrest for domestic violence.

{¶14} Tsygankova, appellant's mother, also testified about the events on June 9, 2023.[2] She stated that she did not see any physical altercation between appellant and Keneth. She recalled that Keneth approached her, yelling and running through the grass. Because she does not speak English, Tsygankova said that she did not understand what Keneth was saying. She testified that she believed Keneth was drunk. She also claimed that Keneth asked Tsygankova to provide testimony favorable to him in this case.

{¶15} Appellant also testified. According to appellant's versions of events, she was tattooing the rabbits in the barn when Keneth ran to the barn door saying their child was stung. She denied being intoxicated. Instead, appellant testified that it was Keneth who was belligerently drunk and acting out of control. She denied striking her husband at

---

1. This recording was not admitted as an exhibit.
2. Tsygankova testified with the assistance of an interpreter as she does not speak English.

Case No. 2023-P-0106

all. Appellant testified that Keneth told her he was calling the police, but claimed Keneth did not tell her why. Appellant indicated that Keneth was putting on a performance and disputed that Keneth's glasses were broken.

{¶16} At the conclusion of trial, appellant was found guilty of domestic violence. A presentence investigation (PSI) was ordered.

{¶17} On November 28, 2023, the trial court sentenced the appellant to 180 days in jail with credit for three days. The trial court then suspended the remaining 177 days and placed appellant on a year of probation with the condition that she does not have any new violations of the law during that time. The trial court imposed the following additional conditions: supervised probation for six months, completion of a dual diagnostic assessment for mental health and substance and alcohol abuse including compliance with any recommendations in accordance with that assessment, 20 hours of community service, and 90 days of SCRAM or continuous alcohol monitoring. Appellant was also instructed to have no unlawful contact with the victim or the victim's property.

{¶18} On December 20, 2023, appellant filed a motion to stay execution of sentence pending appeal. A hearing was held on January 11, 2024, and the motion was granted by the trial court the following day.

{¶19} Appellant timely appeals and raises two assignments of error for review:

> [1.] The trial court erred in finding Defendant-Appellant, Kateryna Puchowicz guilty of domestic violence.
>
> [2.] The conviction of domestic violence was a result of ineffective assistance of counsel.

5

**Domestic Violence Conviction**

{¶20} In her first assignment of error, appellant raises three issues: 1) that the State presented insufficient evidence to support a conviction; 2) that the conviction is against the manifest weight of the evidence; and 3) that the trial court applied the incorrect burden of proof. We will address the sufficiency and manifest weight arguments first.

**Manifest Weight/Sufficiency of Evidence**

{¶21} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive-the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "'When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.'" *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶22} In contrast, "[a] challenge to the sufficiency of the evidence raises the issue of 'whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Stacy*, 2023-Ohio-3942, ¶ 14 (11th Dist.), quoting *State v. Clinton*, 2017-Ohio-

6

9423, ¶ 165. When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶23} Appellant was convicted of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25. R.C. 2929.25(A) provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶24} As raised in appellant's second assignment of error which asserts an ineffective assistance of counsel claim, appellant's trial counsel failed to make a Crim.R. 29 motion for acquittal. "To preserve the right to appeal the sufficiency of the evidence upon which a conviction is based, a defendant must timely file a Crim.R. 29 motion for acquittal with the trial court. If a Crim.R. 29 motion is not made by a defendant, as a general rule, he or she waives any sufficiency argument on appeal." *State v. Stroud*, 2023-Ohio-569, ¶ 27 (11th Dist.) citing *State v. Perry*, 1997 WL 590789, *10 (11th Dist. Aug. 29, 1997). However, this Court recognized that a failure to timely file a Crim.R. 29 motion does not always waive an appeal regarding sufficiency of evidence as "a 'not guilty' plea preserves the right to object, and because it constitutes a denial of due process, a conviction based upon insufficient evidence almost always amounts to plain error." *Id.* citing *State v. Ropp*, 2020-Ohio-824, ¶ 30 (2d. Dist.). As appellant entered a 'not guilty' plea, we conclude that under either a sufficiency or a plain error analysis, there is sufficient evidence to support appellant's conviction.

7

{¶25} A review of the testimony presented at trial confirms that the State met its burden of proof on these elements. Keneth testified that at the time of the incident he was married to appellant. He testified that appellant struck him in the back, back of the head, and then his face. The blow to his face damaged his glasses. Deputy Gardner, who was dispatched to the residence, also testified that there was a red mark on Keneth's face, which could have been from a bee sting or from being struck, and that Keneth's glasses were damaged.

{¶26} This Court has previously acknowledged: "It is inarguable that when someone punches another person he or she 'knowingly' attempts to cause a certain result, i.e., physical harm to that person. 'To act knowingly, a defendant merely has to be aware that the result may occur, and it is not necessary to demonstrate that the defendant intended to cause physical injuries.' (Citations omitted.) *State v. Ford*, 2009-Ohio-6046, ¶49 (12th Dist.)" *State v. Buckley*, 2019-Ohio-3991, ¶ 47 (11th Dist.).

{¶27} Furthermore, this Court has repeatedly held that a victim's testimony alone can be sufficient to prove domestic violence. In *State v. Mansour,* 2011-Ohio-5438, (11th Dist.), a strikingly similar case to the case at hand, the evidence submitted by the State consisted of the victim's testimony that the defendant slapped her in the face. The defendant testified and denied doing so. This Court recognized that "[a]lthough the only evidence presented by the State was [the victim]'s testimony, such evidence alone can support a conviction of Domestic Violence." *Mansour*, at ¶ 23 citing *State v. Blonski* (1997), 125 Ohio App.3d 103, 114; *State v. Shelton*, 2002-Ohio-5157, at ¶ 41 (11th Dist.); and *State v. Warfield*, 2003-Ohio-2366, ¶ 11 (11th Dist.).

8

**{¶28}** In *State v. Blonski*, this Court held that a defendant's conviction of domestic violence was consistent with the weight of the evidence where the victim was the only witness and where the defendant denied the allegations against him as the finder of fact was free to weigh the victim's testimony against the defendant. Similarly, in *State v. Warfield*, 2003-Ohio-2366, this Court also found a defendant's domestic violence conviction to be supported by the manifest weight of the evidence where the victim testified that defendant kicked her. There were no visible injuries and no other eyewitnesses.

**{¶29}** "[I]t is not necessary that visible markings be observed on a victim for a defendant to be found guilty of Domestic Violence." *Mansour* at ¶ 27 citing *State v. Ward*, 2009–Ohio–3145, at ¶ 28 (11th Dist.); *State v. Boldin*, 2008–Ohio–6408, at ¶ 40 (11th Dist.). "The testimony of a victim that she was injured is sufficient to support a domestic violence conviction, even when a victim 'failed to seek medical treatment, nobody saw [her] injury, and no photographs were taken of her [injury].'" *Mansour* at ¶ 27, quoting *State v. Summers*, 2003-Ohio-5866, at ¶ 31 (11th Dist.).

**{¶30}** Keneth testified as to all of the elements of the crime and his testimony provided evidence of the elements required to support a conviction for Domestic Violence. *Mansour,* 2011-Ohio-5438 at ¶ 23 (11th Dist). While there were no pictures of the injuries or eyewitness, neither are required. Keneth testified that he was struck by appellant in the face damaging his glasses. Deputy Gardner testified that Keneth's glasses were damaged and that there was redness on Keneth's face which could have been attributed to the assault or a bee sting.

9

Case No. 2023-P-0106

**{¶31}** Thus, in viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

**{¶32}** Moreover, "[i]t is well-settled that when assessing the credibility of witnesses, '[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.' 'Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it.'" *Mansour* at ¶ 24, quoting *State v. Griesmar*, 2010-Ohio-824, at ¶ 55 (11th Dist.). "If the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." *Id.*, quoting *State v. Grayson*, 2007-Ohio-1772, at ¶ 31 (11th Dist.).

**{¶33}** While the appellant and her mother offered a different version of events, the trial court was free to believe all, part, or none of the testimony of each of the witnesses before it. It is clear from the trial court's findings announced at the conclusion of the trial, the court did just that. In the end, the trial court determined that Keneth was credible and that it believed an altercation had occurred between appellant and Keneth. The trial court then determined that appellant was guilty of domestic violence beyond a reasonable doubt.

**{¶34}** This is not an exceptional case in which the trier of fact clearly lost its way and created such a manifest miscarriage of justice that appellant is entitled to a new trial. Thus, appellant's convictions are consistent with, not contrary to, the manifest weight of the evidence.

10

## Burden of Proof

{¶35}  Also contained within the appellant's first assignment of error, appellant argues that the trial court applied the incorrect burden of proof to this case. We disagree.

{¶36}  In support of her argument, appellant cites to the trial court's statement prior to finding her guilty of domestic violence. Specifically, the trial court stated:

> I tried to listen carefully to the testimony, and I tried to listen carefully so that I can decipher through what's probably true, what's probably true in the eyes of the beholder and what's probably just flat out false.
>
> To the best of my ability, and I'm not perfect either, but I do find it credible an altercation occurred. I am going to find, Ms. Puchowicz, that the State has proved its case. I do believe an altercation occurred, and I do believe that that physical altercation did occur between you and your husband, and I will make that finding beyond a reasonable doubt.

Dkt. 47, p. 105-106.

{¶37}  "It is well-settled that the law presumes the regularity and legality of the proceedings below as well as the validity of the judgment under review." *State v. Rode*, 2011-Ohio-2455, ¶ 35 (11th Dist.) quoting *Swonger v. Swonger*, 1994 WL 528075 ( 5th Dist. Sep. 12, 1994). "The law also presumes that every court complies with the law, and unless the record shows something to the contrary, it will be presumed that the lower court acted wholly within the law; that the judgment was made upon proper grounds; that the court below applied the law correctly; that a trial judge performed his duty; and that action below was justified. *[Swonger at *2].* As a result of the presumption of validity and regularity of the proceedings below, it is the law in Ohio that error will not be presumed, but rather must be made to appear affirmatively on the record, i.e., the burden is on the appellant to show that error has occurred. *Id.*" *Rode* at ¶ 35.

Case No. 2023-P-0106

{**¶38**} The record does not affirmatively show that the trial court applied the incorrect burden of proof. While the trial court explained that appellant and Keneth's story contradicted each other, the statements that the trial court had to decipher what was probably true and probably false, the trial court ultimately applied the correct burden of proof and found appellant guilty beyond a reasonable doubt. Dkt. 47, p. 106. In our view, the trial court's observations regarding the conflicting testimony of appellant and Keneth merely support that the trial court had to make a credibility determination and decide whether the evidence presented met the elements of domestic violence. In this respect, and in light of our analysis above, appellant's claim lacks merit. *State v. Jones*, 2021-Ohio-3486, ¶ 29 (11th Dist.).

{**¶39**} Appellant's first assignment of error is without merit.

### Ineffective Assistance of Counsel

{**¶40**} In her second and final assignment of error, appellant asserts that she received ineffective assistance of counsel. Specifically, appellant alleges that her counsel was ineffective for failing to make a Crim.R. 29 motion at either the close of State's case-in-chief or at the end of the presentation of evidence. Appellant further asserts that counsel was ineffective by failing to authenticate the 911 call and body cam recording, failing to clarify appellant's testimony by asking follow-up questions on direct examination and failing to conduct redirect examination of appellant. We disagree.

{**¶41**} In order to support a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, (1984). "[A] defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-

12

688. He must also show that the ineffective representation prejudiced his case: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burke*, 2002-Ohio-5310, ¶ 6, quoting *Strickland* at 694. "Under Strickland, a court must apply 'a heavy measure of deference to counsel's judgments,' [*Strickland* at] 691, and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' *Id.* at 689." *Burke* at ¶ 7. Failure to demonstrate either prong of *Strickland* can be dispositive.

{¶42} Appellant argues that her counsel was ineffective for failure to make a Crim.R. 29 motion for acquittal. However, "counsel's failure to make a Crim.R. 29 motion for acquittal * * * is not ineffective assistance of counsel where such a motion would have been fruitless." *State v. Stroud*, 2023-Ohio-569, ¶ 56 (11th Dist.), citing *Fairview Park v. Peah*, 2021-Ohio-2685, ¶ 36 (8th Dist). A Crim.R. 29 motion challenges the sufficiency of the evidence introduced by the State. *Stroud* at ¶ 28, citing *State v. Patrick,* 2004-Ohio-6688, ¶ 18 (11th Dist.). As discussed above in the review of appellant's first assignment of error, sufficient evidence was submitted to the trial court on each of the elements of the offense of domestic violence. Therefore, the motion would have been fruitless and trial counsel's failure to make a motion for acquittal does not amount to ineffective assistance of counsel.

{¶43} Appellant next argues that her trial counsel was ineffective for failing to authenticate the 911 call and body cam recording. Appellant does not detail how counsel's failure to authenticate this evidence prejudiced her. The State did not object

and the 911 call was played for the trial court during the cross-examination of Keneth regarding his demeanor on the call. Keneth testified he was crying and upset and denied being intoxicated. As the body cam recording was never authenticated or offered into evidence, and the appellant does not provide any information regarding the contents of such recording, it cannot be said that appellant received ineffective assistance of counsel.

**{¶44}** Lastly, appellant asserts that her trial counsel was ineffective for failing to clarify appellant's testimony by asking follow-up questions on direct examination and by failing to conduct redirect examination of appellant.

**{¶45}** "[D]ebatable trial tactics do not establish ineffective assistance of counsel." (Citation omitted.)" *State v. McCleery*, 2022-Ohio-263, ¶ 39 (11th Dist.). quoting *State v. Johnson*, 2010-Ohio-3046, ¶ 37 (11th Dist.). Further, " '[t]rial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters.' " *Stroud*, 11th 2023-Ohio-569, ¶ 50, quoting *State v. Russell*, 2007-Ohio-137, ¶ 55 (2d Dist.). Reviewing courts "may not second-guess decisions of counsel which can be considered matters of trial strategy." *Id.,* quoting *State v. Conley*, 2015-Ohio-2553, ¶ 56 (2d Dist.). "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available." *Conley.*

**{¶46}** Appellant argues that trial counsel missed the opportunity to allow Tsygankova to provide additional testimony regarding the June incident. "Speculation as to what additional evidence might have revealed is insufficient to succeed on an ineffective assistance of counsel claim." *State v. Kovacic*, 2012-Ohio-219, (11th Dist.), quoting *State v. Pruiett*, 2004-Ohio-4321, ¶ 32 (9th Dist.). Tsygankova offered testimony

14

which contradicted Keneth's testimony in some ways. Tsygankova stated she did not see the altercation. She testified that she saw Keneth screaming, that she was told to go inside to her room. She indicated that she remained in her room for the rest of the evening. Appellant provides nothing other than mere speculation that Tsygankova could have offered additional testimony regarding the events. Therefore, counsel's failure to further develop the testimony is insufficient to succeed on an ineffective assistance of counsel claim. Similarly, counsel's decision not to engage in redirect examination of appellant was reasonable trial strategy and does not support a claim of ineffective assistance of counsel.

{¶47} As appellant cannot satisfy either prong of *Strickland,* Appellant's second and final assignment of error is without merit.

{¶48} For reasons set forth above, the judgment of the Portage County Municipal Court is hereby affirmed.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2023-P-0106